ORIGINAL

**FILED**

01/16/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0009

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0009

_____

JARED MATTHEW EVES,

Petitioner,

v.

JEFF PFLUG, MONTANA STATE
HOSPITAL,

Respondent.

_____

**FILED**

JAN 1 6 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Jared Eves petitions this Court for habeas corpus relief, indicating that the Department of Corrections (DOC) incorrectly calculated his sentence which illegally extends his parole eligibility and discharge dates. Eves adds that he has access to only this form.

Eves seeks his release from the Montana State Hospital and provides, "they let 7 months go by before they said [he] was unfit to proceed[;] [he thinks] they should've put [him] in the [psych] ward first and foremost." He challenges his present placement "because they said [he] was unfit to proceed but as a kid they said it was O.K. to be incarcerated." He states that "[his] probation hearing was for April 29th and [he] did not take it. They gave me a release date of January and have pushed it out for March and this is why it is illegal."

Eves includes a copy of a September 6, 2023 Ineligibility Notice from the Board of Pardons and Parole (Board). This notice explains why Eves's appearance before the Board was moved from October 2023 to January 2024. Before Eves appears, he must have 120 days free of major disciplinary violations. Admin. R. M. 20.25.305(5) (2012). In his instant Petition, Eves states that he was in "locked seclusion for days [at] a time[—] this was for fighting." The Board changed his appearance date based on the disciplinary matter and advised Eves that he would be placed on the hearing schedule in January, "assuming

no further disciplinary violations have occurred." Eves does not indicate whether he has had additional violations.

Habeas corpus allows an applicant an opportunity to challenge collaterally the legality of his present incarceration. Section 46-22-101(1), MCA. Eves will have an appearance before the Board when he can show 120 days of clear conduct. "Parole is a matter of grace, not of right, and whether a convict is behind walls or walking the streets on parole, he remains subject to the sentence imposed and to the regulatory action of the parole authorities." *Miller v. State*, 2020 MT 318, ¶ 13, 402 Mont. 337, 477 P.3d 1107 (citation omitted). Eves has not demonstrated illegal incarceration by virtue of the Board's regulatory decisions.

IT IS THEREFORE ORDERED that Eves's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Jared Eves personally.

DATED this 16 day of January, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

2